FILED
John E. Triplett, Acting Clerk
United States District Court

By STaylor at 3:17 pm, Jan 22, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| JOHN RALPH LOTT, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-125 |
| v. | |
| COFFEE COUNTY ADULT DETENTION CENTER; and DOYLE WOOTEN, | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's failure to prosecute and failure to

comply with the Court's December 29, 2020 Order.  Doc. 14.  For the following reasons, I

**RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint for failure to

prosecute and failure to follow the Court's Order, **DIRECT** the Clerk of Court to **CLOSE** this

case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal in

forma pauperis.[1]

---

[1]      A "district court can only dismiss an action on its own motion as long as the procedure employed
is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of
its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th
Cir. 2011) (citations and internal quotations marks omitted).  A magistrate judge's report and
recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec.
Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a
district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report
recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F.
Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would
be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Plaintiff his suit is
due to be dismissed.  As indicated below, Plaintiff will have the opportunity to present his objections to
this finding, and the presiding district judge will review de novo properly submitted objections.  See 28
U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL
5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation

**BACKGROUND**

Plaintiff, proceeding pro se, filed a Complaint, alleging Defendants violated his constitutional rights.  Doc. 1.  Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983 but failed to use the proper Court-approved civil rights complaint form to be used by prisoners in actions arising under § 1983.  Id.  Plaintiff then submitted a letter to the Court, which contained a different set of allegations against different Defendants.  Doc. 10.  In his initial Complaint, Plaintiff appears to allege a deliberate indifference to serious medical needs claim relating to the lack of treatment he has received in jail for his asthma.  Doc. 1.  However, in his letter to the Court, Plaintiff seeks to bring an excessive force claim against Defendants not named in his initial Complaint.  Doc. 10.  Thus, it was unclear to the Court which claims Plaintiff sought to bring and against whom.

As a result of these ambiguities, the Court ordered Plaintiff to file an Amended Complaint by January 12, 2021.  Doc. 14.  The Court warned Plaintiff his "[f]ailure to comply with this Order within the allotted time . . . will result in a recommendation to the District Judge the case be dismissed without further notice for failure to prosecute and failure to follow a Court order."  Id. at 1, 3.  The Clerk of Court mailed this Order, along with the Court's preferred 42 U.S.C. § 1983 form, to Plaintiff at his last known address.  Id. at n.1.  There is nothing indicating this Order was returned to the Court or otherwise failed to reach Plaintiff.  However, Plaintiff failed to respond to this Court's Order and has not filed an Amended Complaint.

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## DISCUSSION

### I.     Dismissal for Failure to Follow This Court's Order and Failure to Prosecute

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would

---

[2]     In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff his failure to comply with the Court's Order and file an Amended Complaint could result in dismissal of this action. Doc. 14.

not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir.

2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62

F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir.

2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal *without* prejudice for failure to

prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater

discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman,

433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

　　　　While the Court exercises its discretion to dismiss cases with caution, dismissal of this

action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal

without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to

court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at

620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs

insisted on going forward with deficient amended complaint rather than complying or seeking an

extension of time to comply with court's order to file second amended complaint); Brown, 205

F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims

where plaintiff failed to follow court order to file amended complaint and court had informed

plaintiff that noncompliance could lead to dismissal).

　　　　Plaintiff failed to follow this Court's Order, despite having ample opportunity to do so

and being forewarned of the consequences of his failure to do so.  Doc. 14 (Order, dated Dec. 29,

2020, informing Plaintiff "[f]ailure to comply with this Order within the allotted time . . . will

result in a recommendation to the District Judge the case be dismissed without further notice for

failure to prosecute and failure to follow a Court order.").  Thus, the Court should **DISMISS**

**without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Order and to

prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint for failure to follow the Court's Order and failure to prosecute, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

      **SO REPORTED and RECOMMENDED**, this 22nd day of January, 2021.


                                BENJAMIN W. CHEESBRO
                                UNITED STATES MAGISTRATE JUDGE
                                SOUTHERN DISTRICT OF GEORGIA